J. S40002/15

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TODD ERIC SCHUTZEUS, | : | No. 1895 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, November 8, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0011106-1999

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 07, 2015**

Todd Eric Schutzeus[1] appeals from the order of November 8, 2013, dismissing his PCRA[2] petition without a hearing.  After careful review, we reverse.

The lengthy procedural history of this matter has been set forth in a previous Opinion of this court as follows:

> The record reflects that the Commonwealth charged Schutzues with one count of rape, two counts of involuntary deviate sexual intercourse ("IDSI"), and one count each of aggravated indecent assault, indecent assault, endangering the welfare of a child, and corruption of minors.[Footnote 1] These charges arose from Schutzues' sexual assault of a young girl

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Appellant's surname is alternatively spelled "Schutzeus" and "Schutzues."

[2] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

who was six years old when the assaults began. N.T., 10/9/01, at 8. The assaults persisted over a four-year period. *Id.* at 8-9. The charges also arose from Schutzues' repeated attempts to lure a 12-year-old girl into his car, and an incident in which he exposed himself to an adult female. *Id.* at 9-10.

> [Footnote 1] 18 Pa.C.S.A. §§ 3121, 3123, 3125, 3126, 4304, 6301.

Schutzues pled guilty to rape, one count of IDSI, endangering the welfare of children, and corruption of minors. On October 9, 2001, the trial court sentenced Schutzues to an aggregate 3 1/2 to 7 years of incarceration followed by seven years of probation for the rape conviction. The trial court imposed no further penalty on the remaining counts. Schutzues served the maximum seven-year term of incarceration and then commenced his probation sentence. Less than six months into his probation term, Schutzues violated his probation by having contact with his young nieces.

After a May 1, 2007 hearing, the trial court found Schutzues in violation of his probation and sentenced him to 10 to 20 years of incarceration for rape, a consecutive 10 to 20 years of incarceration for IDSI, a consecutive 2 1/2 to 5 years of incarceration for endangering the welfare of a child, and a consecutive 2 1/2 to 5 years of incarceration for corrupting a minor. In an unpublished memorandum of July 29, 2009, this Court vacated the judgment of sentence. *Commonwealth v. Schutzeus*, 1009 WDA 2007, 981 A.2d 933 (Pa.Super. 2009) (*Schutzeus I*). Specifically, we concluded that the trial court failed to consider 42 Pa.C.S.A. § 9771(c) prior to imposing a sentence of incarceration. That section provides as follows:

**(c)** **Limitation on sentence of total confinement.**--The court shall not impose a sentence of total confinement upon revocation unless it finds that:

> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.
>
> 42 Pa.C.S.A. § 9771(c).
>
> The trial court conducted a new sentencing hearing on February 9, 2010, at which the court sentenced Schutzues to 42 to 84 months of incarceration for rape, a consecutive 10 to 20 years for IDSI, and consecutive 2 1/2 to 5 year sentences for endangering the welfare of a child and corruption of minors. In an unpublished memorandum of March 31, 2011, this Court once again vacated the judgment of sentence. **Commonwealth v. Schutzues**, 526 WDA 2010, 26 A.3d 1212 (Pa.Super. 2011) ("**Schutzues II**"). In **Schutzues II**, we held that the sentences for IDSI, endangering the welfare of a child and corruption of a minor were illegal because "[a] probation revocation court does not have the authority to re-sentence an offender on a final guilt without further punishment sentence after the period for altering or modifying the sentence has expired." **Id.** at 3 (quoting **Commonwealth v. Williams**, 997 A.2d 1205, 1210 (Pa.Super. 2010)). We remanded for re-sentencing on the rape conviction. **Id.** at 3-4.

**Commonwealth v. Schutzues**, 54 A.3d 86, 88-89 (Pa.Super. 2012),

**appeal denied**, 67 A.3d 796 (Pa. 2013) ("**Schutzues III**"). The trial court

held another sentencing hearing on June 28, 2011, and imposed a sentence

of 6½ to 13 years' incarceration. On the ensuing appeal, appellant argued

that the trial court erred in imposing a sentence of incarceration without finding that any of the Section 9771(c) factors applied to his case. While this court expressed frustration with the trial court's continuing failure to explicitly reference Section 9771(c) during sentencing, we ultimately found the matter waived for failure to comply with Pa.R.A.P. 1925. We rejected appellant's argument that the trial court's failure to adhere to Section 9771(c) resulted in an illegal sentence. *See id.* at 98 ("challenges under § 9771(c) are not among the narrow class of issues that implicate the legality of a sentence").

Appellant also claimed that his sentence was excessive given the technical nature of his probation violation, which he described as *de minimus*, and his efforts at rehabilitation. *Id.* While we found that appellant raised a substantial question as to the legitimacy of his sentence, ultimately, this court found that appellant failed to establish an abuse of discretion. *Id.* at 99-100.

On May 9, 2013, our supreme court denied appellant's petition for allowance of appeal. A timely *pro se* PCRA petition was filed on August 6, 2013, and counsel was appointed. On October 7, 2013, counsel filed a petition to withdraw and *Turner*/*Finley* "no merit" letter.[3] On October 17, 2013, the PCRA court granted counsel permission to withdraw and notified

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

appellant of its intention to dismiss his petition without a hearing within 20 days pursuant to Pa.R.Crim.P. 907. On November 7, 2013, appellant filed a **pro se** response to Rule 907 notice; and on November 8, 2013, appellant's petition was dismissed. A timely **pro se** notice of appeal was filed on November 27, 2013.[4] On January 6, 2014, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). On January 14, 2014, prior to the Rule 1925(b) deadline, the PCRA court filed an opinion addressing the issues raised in appellant's **pro se** PCRA petition. Appellant filed his Rule 1925(b) statement on January 28, 2014. (Docket #98.)[5] Appellant has retained new counsel on appeal.

Appellant has raised the following issues for this court's review:

> I. DID THE COURT VIOLATE ITS DISCRETION WHEN IT SENTENCED THE APPELLANT TO THE MAXIMUM ON A PROBATION REVOCATION WITHOUT STATING VALID REASONS, BY ABDICATING ITS ROLE AS SENTENCER, AND BY NOT ALLOWING DEFENSE INPUT INTO THE REASONS FOR THE AGGRAVATED RANGE SENTENCE?

---

[4] Appellant initially filed notice of appeal on October 28, 2013, from the October 17, 2013 Rule 907 notice. That appeal was dismissed on January 9, 2014, as premature. (Docket #99.)

[5] Appellant's Rule 1925(b) statement was due on January 27, 2014. However, we note that appellant's concise statement is dated January 23, 2014. We are mindful of the so-called "prisoner mailbox rule," pursuant to which a document is deemed filed on the date that a prisoner delivers it to prison authorities for mailing. **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). Furthermore, as noted above, the PCRA court issued its Rule 1925(a) opinion before the 21-day deadline expired.

> II. WAS PRIOR APPELLATE COUNSEL INEFFECTIVE FOR NOT APPEALING ON THE DISCRETIONARY ASPECT OF THE SENTENCE?
>
> III. DID THE LOWER COURT NEGLECT TO IMPOSE CONDITIONS OF PROBATION ON THE APPELLANT SO THAT HE IS NOT IN VIOLATION?

Appellant's brief at 5.

Initially, we recite our standard of review:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007),

***appeal denied***, 940 A.2d 365 (Pa. 2007).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super.2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***Id.*** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

*Id.* at 882, quoting **Commonwealth v. Khalifah**, 852 A.2d 1238, 1239-1240 (Pa.Super. 2004).

Appellant raises several discretionary sentencing challenges, including failing to comply with 42 Pa.C.S.A. § 9771(c); failing to state adequate reasons on the record for the sentence imposed; failing to consider mitigating evidence; and improperly deferring to the prosecuting attorney to articulate reasons for the sentence.[6]   However, we find appellant's third issue concerning the trial court's failure to comply with 42 Pa.C.S.A.

---

[6] **See Commonwealth v. Whitmore**, 860 A.2d 1032, 1036 (Pa.Super. 2004), **reversed in part on other grounds**, 912 A.2d 827 (Pa. 2006) ("a claim that counsel was ineffective for failing to perfect a challenge to the discretionary aspects of sentencing is cognizable under the PCRA") (citations omitted); **Commonwealth v. Watson**, 835 A.2d 786, 801 (Pa.Super. 2003) ("a claim regarding the discretionary aspects of [the defendant's] sentence, raised in the context of an ineffectiveness claim, would be cognizable under the PCRA"), discussing **Commonwealth ex rel. Dadario v. Goldberg**, 773 A.2d 126 (Pa. 2001) (footnote omitted).  Appellant is correct that, despite this court's promptings, the trial court has steadfastly refused to comply with Section 9771(c).  Nowhere, during its three sentencing hearings following revocation of appellant's probation, does the trial court make any explicit findings relative to Section 9771(c).  **See Schutzues III**, 54 A.3d at 91 ("Despite our directive to the trial court in **Schutzeus I** to comply with § 9771(c), the trial court has continued to ignore that statute.").  Indeed, this court observed in **Schutzues III**, "The trial court's attempts to give [appellant] the maximum amount of jail time possible have already resulted in two flagrantly illegal sentences and two remands from this Court, as set forth above." **Id.  See also id.** at 97 ("the trial court, as noted above, offered no analysis and simply bookended the sentencing hearing with statements of his desire to incarcerate [appellant] for as long as possible").  The trial court's conduct in this matter has been regrettable, at best.

§ 9754(b) to be dispositive. Therefore, we need not reach the remaining issues.

> "To prevail on a claim alleging counsel's ineffectiveness, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness." **Commonwealth v. Wallace**, 555 Pa. 397, 407, 724 A.2d 916, 921 (1999), citing **Commonwealth v. Howard**, 538 Pa. 86, 93, 645 A.2d 1300, 1304 (1994) (other citation omitted). In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a "'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" **Commonwealth v. Kimball**, 555 Pa. 299, 308, 724 A.2d 326, 331 (1999), quoting **Strickland v. Washington**, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A "'[r]easonable probability' is defined as 'a probability sufficient to undermine confidence in the outcome.'" **Id.** at 309, 724 A.2d at 331, quoting **Strickland**, 466 U.S. at 694, 104 S.Ct. 2052.

**Commonwealth v. Jones**, 811 A.2d 1057, 1060 (Pa.Super. 2002), **appeal denied**, 832 A.2d 435 (Pa. 2003).

> When we consider an appeal from a sentence imposed following the revocation of probation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b)." **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa.Super.2000), **appeal denied**, 565 Pa. 637, 771 A.2d 1279 (2001) (citation omitted). Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's

> decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. ***Commonwealth v. Smith***, 447 Pa.Super. 502, 669 A.2d 1008, 1011 (Pa.Super.1996). The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring probationer from future antisocial conduct. ***Commonwealth v. Sims***, 770 A.2d 346, 350 (Pa.Super.2001).

***Commonwealth v. Perreault***, 930 A.2d 553, 557-558 (Pa.Super. 2007), ***appeal denied***, 945 A.2d 169 (Pa. 2008). ***See also Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa.Super. 2014), ***appeal denied***, 109 A.3d 678 (Pa. 2015) ("In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.") (citation omitted).

Appellant argues that prior counsel were ineffective for failing to raise the trial court's failure to comply with 42 Pa.C.S.A. § 9754(b),[7] which provides:

---

[7] This issue was argued in appellant's ***pro se*** PCRA petition. (Docket #82.) Appointed counsel, Robert S. Carey, Jr., Esq., did address the issue in his ***Turner***/***Finley*** "no-merit" letter but found it to be meritless for the same reason relied upon by the PCRA court and the Commonwealth, ***i.e.***, that the trial court signed off on a "special field report" from the probation office which contained a provision that appellant was not to have any contact with minors. (Docket #85.) We find this argument to be unpersuasive for the reasons discussed ***infra***.

### § 9754.  Order of probation

**(b)  Conditions generally.--**The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.

Appellant argues that the terms and conditions of his probation, including the no-contact order, were not actually imposed by the trial court as required by Section 9754(b), but rather by the Office of Probation and Parole.  Appellant argues that this was an improper delegation of the court's authority.  At the original plea and sentencing hearing of October 9, 2001, the trial court stated:

> Then pursuant to the negotiated plea agreement, at CC199911106, at Count One, it's three and-a-half to seven years, plus, seven years probation, terms and conditions to be set by the Probation Office or Parole Office, whoever is going to do that.  No further penalty at the remaining counts.

Notes of testimony, 10/9/01 at 16-17.  In addition, the trial court's October 9, 2001 sentencing order did not impose any terms and conditions of probation whatsoever, except DNA registration.  (Docket #7.) Regrettably, the trial court did not check the line next to the special probationary condition "No Contact w/Victim," let alone order that appellant was not to have any contact with minor children generally.  (***Id.***)

In ***Commonwealth v. MacGregor***, 912 A.2d 315 (Pa.Super. 2006), the appellant was required to sign a "Special Conditions of Parole" form upon his release on probation, having served out the full four-year term of his

imprisonment. *Id.* at 316. One of the conditions was that he was not to have any contact with anyone under age 18. *Id.* Subsequently, on three different occasions, the appellant accompanied his girlfriend to gatherings of her family at which young children were present. *Id.* at 316-317. The trial court revoked his probation and imposed a prison sentence of 18 to 60 months. *Id.* at 317.

On appeal, this court vacated the judgment of sentence on the basis that the condition appellant violated was never imposed by the trial court. We relied on **Commonwealth v. Vilsaint**, 893 A.2d 753, 757 (Pa.Super. 2006), which held that, "the legislature [in the Sentencing Code] has specifically empowered the court, **not the probation offices and not any individual probation officers**, to impose the terms of probation." *Id.* (emphasis supplied in **MacGregor**). Since the condition the appellant was charged with violating, in addition to having been improperly drafted by a parole agent, was not imposed by the court as required by Section 9754(b), revocation of the appellant's probation could not be sustained. *Id.* at 318.

Subsequently, in **Commonwealth v. Elliott**, 50 A.3d 1284 (Pa. 2012), our supreme court sought to reconcile Section 9754 with the Prisons and Parole Code, 61 Pa.C.S.A. §§ 6131(a)(5)(ii) & 6151, which mandates that the Board and its agents establish uniform standards for the supervision of probationers under its authority, and further to implement those standards and conditions. The court in **Elliott** distinguished between

"conditions of probation" and "conditions of supervision," concluding that "the Board and its agents may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court." *Id.* at 1292.

In *Elliott*, at the conclusion of the defendant's sentencing hearing, the trial court imposed as a condition of his probation that he not have unsupervised contact with any minor child. *Id.* at 1285. After serving out his maximum sentence, the defendant was released and began serving his five-year probationary term. *Id.* at 1285-1286. The defendant was given a form created by the Pennsylvania Board of Probation and Parole entitled "Standard Special Conditions for Sex Offenders -- Minor Victims," which included a condition that he not enter or loiter within 1,000 feet of areas where minors commonly congregate including playgrounds, youth recreation centers, elementary schools, *etc. Id.* at 1286.

The defendant's probation officer observed him sitting near a large water fountain in a park in which young children were playing. *Id.* According to the probation officer, the defendant was closely observing a young girl in a red bathing suit. *Id.* The defendant subsequently admitted regularly going to the park to watch children and being sexually aroused by the girl in the red bathing suit. *Id.* at 1287. The defendant's probation was revoked and he was sentenced to two consecutive terms of 2½ to 5 years' incarceration. *Id.* The trial court opined, *inter alia*, that he had violated

Supervision Condition 19, that he avoid areas where persons under age 18 commonly congregate, such as the park fountain. *Id.* On appeal, this court reversed, finding that Supervision Condition 19 (no loitering within 1,000 feet) was not incorporated into the court's general no-contact requirement of the defendant's probation. *Id.* at 1288.[8] Citing *Vilsaint*, *supra*, and *MacGregor*, *supra*, this court held that only the court, and not probation officers, can impose terms and conditions of probation.

The Commonwealth appealed, and our supreme court vacated this court's order, holding that the Board merely expounded upon the trial court's no-contact order:

> [W]e find that Supervision Condition 19, that Appellee should not 'enter or loiter within 1,000 feet of areas where the primary activity at such locations involve persons under the age of 18,' is a permissible condition of supervision imposed by the Board and is derivative of the trial court's condition of probation that Appellee not have unsupervised contact with minors.

*Id.* at 1292. The court in *Elliott* distinguished *MacGregor* where, in that case, the trial court had ordered a $25 probation administration fee as the sole condition of probation, without actually setting forth any terms and conditions of probation. *Id.*, n.4. The matter was remanded to this court

---

[8] This court also found there was insufficient evidence to support a violation of Supervision Condition 17, prohibiting the defendant from engaging in nonverbal communication with minor children while unsupervised such as waving, gesturing, or winking. That aspect of this court's decision was not appealed to the Pennsylvania Supreme Court. *Id.* at 1288.

for a determination as to whether the evidence was in fact sufficient to sustain the defendant's probation revocation based upon Supervision Condition 19. *Id.* at 1293.

The Commonwealth and the PCRA court attempt to distinguish *MacGregor* based on the fact that in the matter *sub judice*, the trial court signed a "Special Field Report" from the Board specifically stating that appellant was being supervised as a sexually violent predator and was not to have any contact with children under the age of 18. (Appellant's brief, Appendix B.) Therefore, they argue that the trial court concurred with the Board's recommendations.

We find *MacGregor* to be controlling. As in *MacGregor*, in the instant case, the trial court did not impose any terms and conditions of probation whatsoever, remarking that they would be set by the Probation Office or "whoever is going to do that." Nor did the trial court set out any terms and conditions of probation in its sentencing order. The fact that the trial court signed a field report some six years later, dated January 28, 2007, which contained the no-contact provision, is insufficient to comply with Section 9754(b). The court in *Elliott* did not overrule *Vilsaint* and *MacGregor*. *MacGregor* makes clear that only the court, not probation officers, can impose terms and conditions of probation. The field report was nothing more than a summary of appellant's conditions of supervision, as

contrasted with conditions of probation, which are required to be imposed by the court.

While **Elliott** did hold that the Board may impose conditions of supervision that are "germane to" any conditions of probation imposed by the trial court, in the instant case, there were no conditions of probation for the Board to elaborate upon or interpret. In **Elliott**, at time of sentencing, the trial court had ordered as a condition of the defendant's probation that he not have unsupervised contact with children. The Board does not have the statutory authority to implement standards and conditions of supervision out of whole cloth; it can only administer conditions of supervision within the parameters established by the trial court. Here, since the trial court never imposed a no-contact provision, the Board could not enforce one. As such, appellant's contact with his two nieces was not a violation of his probation. The Commonwealth failed to establish, as a matter of law, that appellant's conduct violated the terms and conditions of his probation. Clearly, then, prior counsel were ineffective for failing to raise this issue in the court below and on appeal. Appellant's revocation sentence must be vacated and we will reverse the order dismissing appellant's PCRA petition.[9] While it appears

---

[9] As should be evident from this Memorandum, appellant's claims are not patently frivolous or without any support in the record, so as to permit appointed counsel to withdraw. Even appellant's previously waived Section 9771(c) claim cannot be characterized as patently meritless, where this court specifically expressed our displeasure at the trial court's seemingly purposeful refusal to address the Section 9771(c) factors. Appointed counsel should have been required to file an amended petition on appellant's

that appellant's original sentence, including the seven-year probationary tail, has expired and he is entitled to immediate discharge without condition except for Megan's Law registration requirements, we will remand for the trial court to make that determination and enter an appropriate order forthwith.

Order reversed. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2015

---

behalf, and an evidentiary hearing should have been conducted. That said, as appellant has retained counsel on the instant appeal and we have already determined that he is entitled to PCRA relief, remand for new counsel would be pointless.